UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

                              *Plaintiff,*

    *– against –*

DIPIZIO CONSTRUCTION COMPANY, INC.,
BOEHMER TRANSPORTATION CORP.,
GREAT LAKES CONCRETE PRODUCTS, LLC,
BERNARD DIPIZIO and LAURICE BOEHMER,

                              *Defendants.*

                                        **COMPLAINT**

-------------------------------------------------------------------------x

       Plaintiff Travelers Casualty and Surety Company of America ("Travelers"), by its

undersigned attorneys, alleges as follows for its complaint in the above-entitled action:

Parties and Jurisdiction

      1.      Travelers is a corporation formed and existing under the laws of the State of

Connecticut, having its principal place of business at One Tower Square, Hartford, CT

06183.

      2.      Upon information and belief, defendant DiPizio Construction Company, Inc.

("DiPizio") is a New York corporation, whose principal place of business is at

100 Stradtman Street, Cheektowaga, NY 14206.

      3.      Upon information and belief, defendant Boehmer Transportation Corp.

("Boehmer Corp.") is a New York corporation, whose principal place of business is at

3512 Union Street, Machias, NY 14101.

      4.      Upon information and belief, defendant Great Lakes Concrete Products, LLC

1

("Great Lakes") is a New York limited liability company, whose principal place of business is at 5690 Camp Road, Hamburg, NY 14075, and whose members are all citizens of the State of New York.

5.     Upon information and belief, Great Lakes' members are defendant Bernard DiPizio and/or defendant Laurice Boehmer.

6.     Upon information and belief, defendant Bernard DiPizio is a citizen of the State of New York, residing at 999 Borden Road, Depew, NY 14043.

7.     Upon information and belief, defendant Laurice Boehmer is a citizen of the State of New York, residing at 3512 Union Street, Machias, NY 14101.

8.     Upon information and belief, none of the defendants is a citizen of, or was incorporated in, or has a principal place of business in, or has a member who is a citizen of, the State of Connecticut.

9.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

10.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 (diversity of citizenship).

<u>The General Agreement of Indemnity</u>

11.     On October 17, 2003, defendant DiPizio signed the General Agreement of Indemnity of which the document annexed hereto as "<u>Exhibit 1</u>" is a true copy.

12.     On October 17, 2003, defendant Boehmer Corp. signed the General Agreement of Indemnity of which the document annexed hereto as "Exhibit 1" is a true copy.

13.     On October 17, 2003, defendant Bernard DiPizio signed the General

2

Agreement of Indemnity of which the document annexed hereto as "Exhibit 1" is a true copy.

14.    On October 17, 2003, defendant Laurice Boehmer signed the General Agreement of Indemnity of which the document annexed hereto as "Exhibit 1" is a true copy.

15.    On September 13, 2007, defendant Great Lakes signed the Travelers Casualty and Surety Company of America General Agreement of Indemnity Additional Indemnitor Rider of which the document annexed hereto as "Exhibit 2" is a true copy.

16.    The General Agreement of Indemnity to which reference is made in such document annexed hereto as "Exhibit 2" is the document of which a true copy is annexed hereto as "Exhibit 1".

Bonds Issued Pursuant to the Indemnity Agreement

17.    Travelers, as surety, and DiPizio, as principal, signed a performance bond and a related labor and material payment bond, each bearing Bond No. 105594546, relating to a public improvement contract that was entered into by and between DiPizio and State of New York Department of Transportation (referred to herein as the "Erie & Niagara D262047 Project").

18.    Travelers, as surety, and DiPizio, as principal, signed a performance bond and a related labor and material payment bond, each bearing Bond No. 105809269, relating to a public improvement contract that was entered into by and between DiPizio and Erie County, New York (referred to herein as the "Erie County 2013 Capital Overlay Project").

19.    Travelers, as surety, and DiPizio, as principal, signed a performance bond and a related labor and material payment bond, each bearing Bond No. 105135961, relating to a public improvement contract that was entered into by and between DiPizio and State of New

3

York, Department of Transportation (referred to herein as the "Niagara County D261076 Project").

20.     Travelers, as surety, and DiPizio, as principal, signed a performance bond and a related labor and material payment bond, each bearing Bond No. 105594405, relating to a public improvement contract that was entered into by and between DiPizio and Erie Canal Harbor Development Corporation ("ECHDC") (referred to herein as the "Inner Harbor Project").

21.     Each of the aforesaid contracts is a "Contract" within the meaning of that term as that term is defined in paragraph "1" of the aforesaid General Agreement of Indemnity.

22.     The aforesaid performance bonds and payment bonds are "Bonds" within the meaning of that term as that term is defined in the "WHEREAS" clause on the first page of the aforesaid General Agreement of Indemnity.

<u>Indemnity Agreement Provisions</u>

23.     Such General Agreement of Indemnity states in part:

> 2.     Default:  Any of the following shall constitute a Default:
> (a) a declaration of Contract default by the obligee or entity for whom a Contract is performed; (b) actual breach or abandonment of any Contract; (c) a breach of any provision of this Agreement; (d) failure to make payment of a properly due and owing bill in connection with any Contract;(e) the Company's good faith establishment of a reserve; (f) improper diversion of Contract funds or Indemnitors' assets to the detriment of Contract obligations; (g) Indemnitors become the subject of any proceeding or agreement of bankruptcy, receivership, insolvency, creditor assignment or actually becomes insolvent; (h) Indemnitors die, become legally incompetent, are imprisoned, are convicted of a felony, or disappear and cannot be located; (i) any representation furnished to the Company by or on behalf of any of the Indemnitors proves to have been materially false or misleading when made.

4

24.     Such General Agreement of Indemnity states in part:

      4.     Indemnification and Hold Harmless: The Indemnitors shall exonerate, indemnify and save the Company harmless from and against every claim, loss, damage, demand, liability, cost, charge, Bond premium, suit, judgment, attorney's fee, and expense which the Company incurs in consequence of having obligations in connection with such Bonds. Expense includes but is not limited to: the cost incurred by reason of making any investigation in connection herewith; the cost of procuring or attempting to procure release from liability including the defense of any action brought in connection herewith and the cost incurred in bringing suit to enforce this Agreement against any of the Indemnitors. Amounts due Company shall be payable upon demand.

      5.     Claim Settlement: The Company shall have the right, in its sole discretion, to determine for itself and the Indemnitors whether any claim or suit brought against the Company or the Indemnitors upon any such Bond shall be paid, compromised, settled, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors. An itemized, sworn, statement by an employee of the Company or a copy of the voucher of payment shall be prima facie evidence of the propriety and existence of Indemnitors' liability. The Company shall be entitled to immediate reimbursement for any and all payments made by it under the belief it was necessary or expedient to make such payments.

25.     Travelers has incurred losses, damage, liability, costs, charges, attorney fees, and expenses under such Bonds, and has received claims and demands, in consequence of having obligations in connection with such Bonds.

26.     Travelers has made demand upon the defendants and each of them, as indemnitors under the General Agreement of Indemnity, requesting and requiring that they and each of them jointly and severally indemnify Travelers for the losses incurred and paid to date by Travelers under three of the aforesaid Bonds, as follows:

    (i)     demand for the sum of $810,908.82 on account of losses paid by Travelers under Bond No. 105594546 (related to the Erie & Niagara D262047 Project);

    (ii)    demand for the sum of $453,391.54 on account of loss paid by Travelers under

Bond No. 105809269 (related to the Erie County 2013 Capital Overlay Project); and

(iii)    demand for the sum of $102,426.26 on account of loss paid by Travelers under Bond No. 105135961 (related to the Niagara County D261076 Project).

27.    None of the defendants has paid Travelers such amounts demanded by it.

28.    Any conditions precedent to Travelers' right to pursue its claims asserted in this action have occurred or been performed.

29.    By reason of the foregoing, Travelers is entitled to enforce all terms and provisions of the General Agreement of Indemnity, and to obtain all remedies thereunder.

30.    Travelers is entitled, and has reserved its right, to make further demand upon the defendants and each of them, as indemnitors under the General Agreement of Indemnity, requesting and requiring that they and each of them jointly and severally indemnify Travelers for, and exonerate and/or hold it harmless from and against, any and all other and/or further claims, loss, damage, demands, liability, cost, charge, Bond premium, suit, judgment, attorney's fee, and expense which the Company incurs in consequence of having obligations in connection with such Bonds, over and above and other than and apart from the aforesaid sums totaling $1,366,726.62 listed above, whether heretofore or hereafter incurred, received, paid, or demanded.

31.    Thus, among other things, Travelers has reserved its right to make demand upon the defendants and each of them, as indemnitors under the General Agreement of Indemnity, relating to the losses, damage, and liability Travelers has incurred or which it may or shall incur, related to the Inner Harbor Project, and/or relating to any claim, liability,

6

or demand related to such Project, or to any other project relating to any other Bond described in the General Agreement of Indemnity.

## FIRST CLAIM
### (Against DiPizio as Bond Principal for Reimbursement of Losses on Bond No. 105594546)

32.    Travelers, as surety for DiPizio, has incurred losses and made loss payments in the total amount of $720,908.82 under such Bonds bearing Bond No. 105594546 (related to the Erie & Niagara D262047 Project), for which DiPizio as bond principal and primary obligor is liable by operation of law to reimburse Travelers as DiPizio's surety.

## SECOND CLAIM
### (Against DiPizio as Bond Principal for Reimbursement of Losses on Bond No. 105809269)

33.    Travelers, as surety for DiPizio, has incurred losses and made loss payments in the total amount of $699,893.99 under such Bonds bearing Bond No. 105809269 (related to the Erie County 2013 Capital Overlay Project), for which DiPizio as bond principal and primary obligor is liable by operation of law to reimburse Travelers as DiPizio's surety.

## THIRD CLAIM
### (Against DiPizio as Bond Principal for Reimbursement of Losses on Bond No. 105135961)

34.    Travelers, as surety for DiPizio, has incurred losses and made loss payments in the total amount of $102,426.26 under such Bonds bearing Bond No. 105135961 (related to the Niagara County D261076 Project), for which DiPizio as bond principal and primary obligor is liable by operation of law to reimburse Travelers as DiPizio's surety.

## FOURTH CLAIM
### (Against All Defendants under Agreement of Indemnity for Reimbursement of Losses)

35.    Under  the aforesaid General Agreement of Indemnity, each defendant is

7

jointly and severally liable to indemnify and reimburse Travelers for such losses totaling $1,613,229.07 under such Bonds bearing Bond No. 105594546 (related to the Erie & Niagara D262047 Project), Bond No. 105809269 (related to the Erie County 2013 Capital Overlay Project), and Bond No. 105135961 (related to the Niagara County D261076 Project), for which Travelers has made demand upon such defendants for reimbursement, pursuant to the General Agreement of Indemnity (without prejudice to Travelers' rights against defendants relating to the Inner Harbor Project).

FIFTH CLAIM
(Against All Defendants under Agreement of Indemnity for Reimbursement of Expenses)

36.     Under the aforesaid General Agreement of Indemnity, each defendant is jointly and severally liable to indemnify and reimburse Travelers for its expenses (including attorney's fees), heretofore and hereafter incurred as a consequence of having obligations in connection with any and all Bonds described in the General Agreement of Indemnity, claims for which if formally and specifically asserted in writing in this action shall be included in and incorporated by this reference into the demand for relief in this complaint in this action, and otherwise shall be and are hereby reserved and preserved for assertion at a later date in such later action or actions or other legal proceedings as Travelers shall hereafter commence against any or all of such defendants).

WHEREFORE, plaintiff demands judgment against defendants, and each of them, jointly and severally, as follows:

(i)     on its First Claim, against defendant DiPizio in the amount of $720,908.82;

8

(ii)     on its Second Claim, against defendant DiPizio in the amount of $453,391.54;

(iii)    on its Third Claim, against defendant DiPizio in the amount of $699,893.99;

(iv)    on its Fourth Claim, against each defendant jointly and severally in the amount of $1,613,229.07;

(v)     on its Fifth Claim, against each defendant jointly and severally in an amount to be fixed, representing all of Travelers' expenses (including attorney's fees) incurred as a consequence of having obligations in connection with any and all Bonds described in the General Agreement of Indemnity;

(vi)    together with appropriate interest on the aforesaid amounts (at the rate of 9% per annum from the date of the aforesaid demands except as otherwise provided by applicable law); and

(vii)   the costs and disbursements incurred in this action; and

(viii)  such other and further relief as to the Court may seem just and proper.

Dated:  Jericho, New York
        July 16, 2014

                        TORRE, LENTZ, GAMELL, GARY
                          & RITTMASTER, LLP
                        *Attorneys for Plaintiff*
                        *Travelers Casualty and Surety Company of America*

                        By:_____
                              Benjamin D. Lentz, Esq.
                        100 Jericho Quadrangle, Suite 309
                        Jericho, New York 11753-2702
                        Tel.:  (516) 240-8900

                                    9

EXHIBIT "1"

**General Agreement
Of Indemnity**

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
Hartford, Connecticut  06183**

We the undersigned, individually or jointly with others, or on behalf of any of our successors, assigns, heirs, executors, administrators, subsidiaries, parents, affiliates, partnerships, joint ventures, co-ventures and limited liability companies, whether in existence now or formed hereafter, individually and collectively referred to as "Indemnitors" enter into this General Agreement of Indemnity "Agreement" with  Travelers Casualty and Surety Company of America, its affiliated companies, successors, assigns, partners and subsidiaries whether in existence now or formed hereafter, individually and collectively referred to as "Company", witnesseth:

**WHEREAS**, in the transaction of business, certain bonds, guarantees, undertakings and/or contractual obligations, including renewals, extensions thereof hereinafter referred to as "Bonds" including bonds and undertakings for which the Company has obligations as a result of an asset purchase, acquisition or like transaction have heretofore been and may hereafter be required by, for, or on behalf of any one or more of the Indemnitors. Application has been made and will hereafter be made to execute such Bonds.  In connection with the execution, delivery and/or assumption of obligations of such Bonds, the Company requires complete indemnification.

**NOW, THEREFORE**, as an inducement to the Company and in consideration of the Company's execution of one or more Bonds, delivery of one or more Bonds, refraining from canceling one or more Bonds, and/or assumption of obligations by the Company of one or more Bonds, and for other good and valuable consideration, the Indemnitors, jointly and severally agree with the Company as follows:

1.      **Contract:**  For purposes of this Agreement, "Contract" shall mean an agreement of the Indemnitors for which the Company executes a Bond, procures a Bond, assumed the obligations of a Bond, or has guaranteed performance.

2.      **Default:**  Any of the following shall constitute a Default:  (a) a declaration of Contract default by the obligee or entity for whom a Contract is performed; (b) actual breach or abandonment of any Contract; (c) a breach of any provision of this Agreement; (d) failure to make payment of a properly due and owing bill in connection with any Contract; (e) the Company's good faith establishment of a reserve; (f) improper diversion of Contract funds or Indemnitors' assets to the detriment of Contract obligations; (g) Indemnitors become the subject of any proceeding or agreement of bankruptcy, receivership, insolvency, creditor assignment or actually becomes insolvent; (h) Indemnitors die, become legally incompetent, are imprisoned, are convicted of a felony, or disappear and cannot be located; (i) any representation furnished to the Company by or on behalf of any of the Indemnitors proves to have been materially false or misleading when made.

3.      **Payment of Premium:** The Indemnitors shall pay to the Company all premiums for every Bond executed and all renewals and extensions thereof, until the Company is discharged and fully released in writing from each such Bond.

4.      **Indemnification and Hold Harmless:** The Indemnitors shall exonerate, indemnify and save the Company harmless from and against every claim, loss, damage, demand, liability, cost, charge, Bond premium, suit, judgment, attorney's fee, and expense which the Company incurs in consequence of having obligations in connection with such Bonds.  Expense includes but is not limited to: the cost incurred by reason of making any investigation in connection herewith; the cost of procuring or attempting to procure release from liability including the defense of any action brought in connection herewith and the cost incurred in bringing suit to enforce this Agreement against any of the Indemnitors. Amounts due Company shall be payable upon demand.

5.      **Claim Settlement:** The Company shall have the right, in its sole discretion, to determine for itself and the Indemnitors whether any claim or suit brought against the Company or the Indemnitors upon any such Bond shall be paid, compromised, settled, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors.  An itemized, sworn, statement by an employee of the Company or a copy of the voucher of payment shall be prima facie evidence of the propriety and existence of Indemnitors' liability.  The Company shall be entitled to immediate reimbursement for any and all payments made by it under the belief it was necessary or expedient to make such payments.

6.      **Collateral Security:** Indemnitors agree to pay the Company, upon demand, an amount sufficient to discharge any claim or demand made against the Company on any Bond.  Indemnitors further agree to pay the Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by Indemnitors. These sums may be used by the Company to pay such claim or be held by the Company as collateral security against any loss, claim, liability or unpaid premium on any Bond.  The Company shall have no duty to invest, or provide interest on the deposit.

7.      **Remedies:**  In the event of a Default, Indemnitors assign, convey, and transfer to the Company all of their rights and interest growing in any manner out of the Contracts and assign all rights, title, and interest of all of Indemnitors' plants, tools, vehicles, machinery, hardware, software, equipment and materials, to be effective as of the date of such Contracts.  In addition, in the event of a Default, the Company shall have a right in sole discretion to:

Take possession of the work under any Contract and to complete said Contract, or cause, or consent, to the completion thereof; (b)  Take possession of the Indemnitors' equipment, tools, machinery, vehicles, materials, office equipment, books, records, documents, software, electronically stored information and supplies at the site of the work or elsewhere and utilize them for the completion of the work under the Contracts without payment for such use;

(c) Assert or prosecute any right or claim in the name of the Indemnitors and to settle any such right or claim as the Company sees fit;

(d) Execute in the name of the Indemnitors, any instruments deemed necessary or desirable by the Company to: (a) provide the Company with title to assets, (b) take immediate possession of Contract funds whether earned or unearned, (c) collect such sums as may be due Indemnitors and to endorse in the name of the Indemnitors, and (d) collect on any negotiable instruments;

(e) Take possession of the Indemnitors' rights, title and interest in and to all Contracts, subcontracts let and insurance policies in connection therewith;

(f) Be subrogated to all the rights, remedies, properties, funds, securities and receivables of the Indemnitors on all Contracts or any other contract of Indemnitors and have the right to offset losses on any Contract or Bond against proceeds, funds, or property due from another Contract, Bond or other contract.

**8.     Joint and Several Liability:** The obligations of the Indemnitors hereunder are joint and several. The Company is authorized to settle with any one or more of the Indemnitors individually, and without reference to the others, and such settlement shall not bar or prejudice actions against or affect the liability of the others.

**9.     Decline Execution:** The Company has the right to refuse to provide any Bond, including final Bonds where the Company provided a bid Bond, without incurring any liability whatsoever to Indemnitors.

**10.     Trust Fund:** All payments due, received for or on account of any Contract shall be held in trust as trust funds by Indemnitors for the benefit and payment of all obligations for which the Company as beneficiary may be liable under any Bond issued by the Company. Company may open a trust account or accounts with a bank for the deposit of the trust funds. Upon demand, Indemnitors shall deposit therein all trust funds received. Withdrawals from such trust accounts shall require the express consent of the Company.

**11.     Books, Records and Credit:** Indemnitors shall furnish, and the Company shall have the right to free access, at reasonable times, to the records of the Indemnitors including but not limited to books, papers, records, documents, accounts and electronically stored information for the purpose of examining and copying them. Indemnitors expressly authorize Company access to their credit records including but not limited to access to account numbers and/or account balances from financial institutions.

**12.     Attorney in Fact:** Indemnitors constitute, appoint and designate the Company as their attorney in fact with the right, but not the obligation, to exercise all rights of the Indemnitors assigned or granted to the Company and to execute and deliver any other assignments or documents deemed necessary by the Company to exercise its rights under this Agreement in the name of the Indemnitors.

**13.     Security Interest:** As security, the Indemnitors hereby grant to Company a security interest in all of their equipment, machinery, vehicles, tools, and material, as well as sums due or to become due in connection with any Contract or other contract. This Agreement or a carbon, photographic, xerographic, facsimile, copy, or other reproduction of this Agreement shall constitute a Security Agreement and a Financing Statement for the benefit of the Company in accordance with the Uniform Commercial Code and all similar statutes. This Agreement a carbon, photographic, xerographic, facsimile, copy, or other reproduction may be filed by the Company without notice to perfect the security interest granted herein. The Company may add schedules or other documents to this Agreement as necessary to perfect its rights. The security interests are effective as of the date of each Contract for that Contract and for each contract for that contract.

**14.     Termination:** This is a continuing Agreement, which remains in full force and effect until terminated. The sole method available to Indemnitors to terminate their participation in this Agreement is by giving written notice sent by certified or registered mail, to the Company of the Indemnitors' intent to terminate. The termination shall take effect no earlier than 30 days after the Company receives such notice ("Termination Date"). The obligation and liability of the Indemnitors giving such notice shall be limited to Bonds furnished before the Termination Date and to any maintenance or guarantee Bonds furnished after the Termination Date but incidental to any Bond furnished before the Termination Date.

**15.     Other Sureties:** If the Company procures the execution of Bonds by other sureties, executes Bonds with cosureties or obtains reinsurance, the provisions of this Agreement inure to the benefit of such other surety, cosurety or reinsurer.

**16.     Competence of Indemnitors:** The Indemnitors acknowledge that the execution of this Agreement and the undertaking of Indemnity was not made in reliance upon any representation concerning the financial condition, viability or responsibility, of any of the Indemnitors or the competence of Indemnitors to perform.

**17.  .     Nature of Rights:** If any provision or portion of this Agreement shall be unenforceable, this Agreement shall not be void, but shall be construed and enforced with the same effect as though such provision or portion were omitted. Assent or refusal to assent to changes in any Contract or Bond by the Company shall not affect the obligations of the Indemnitors to the Company. The Company's rights under this Agreement are in addition to all other rights of the Company however derived. The rights and remedies afforded to the Company by the terms of this Agreement can only be modified by a rider in writing to this Agreement signed by an authorized representative of the Company. If any of the Indemnitors fail to execute or improperly execute this Agreement; such failure shall not affect the obligations of Indemnitors. The failure to sign or the improper execution of a Bond shall not affect the Company's rights under this Agreement. Termination and/or limitation of any Indemnitors' obligations under this Agreement shall in no way affect the obligations of any of the other Indemnitors whose obligations have not been terminated and/or limited. Indemnitors acknowledge this Agreement can be amended via rider to add another person, entity or entities as Indemnitor(s) to this Agreement

and Indemnitors waive any and all notice in connection with the addition of additional Indemnitors and further acknowledge the rights and obligations provided herein shall apply to all Indemnitors whenever made a party to the Agreement.

18.     **Corporate Resolution:** The Indemnitors have a substantial, material and beneficial interest (a) in the obtaining of Bonds by any of the Indemnitors; and (b) in the transaction(s) for which any other Indemnitor has applied or will apply to Company for Bonds pursuant to this Agreement. The Indemnitors have the full power and authority to execute, deliver and perform this Agreement and to carry out the obligations stated herein. The Indemnitors further acknowledge and agree that (a) the execution, delivery and performance of this Agreement by such Indemnitors, (b) the compliance with the terms and provisions hereof, and (c) the carrying out of the obligations contemplated herein, do not, and will not, conflict with and will not result in a breach or violation of any terms, conditions or provisions of the charter documents or bylaws of such Indemnitors, or any law, governmental rule or regulation, or any applicable order, writ, injunction, judgment or decree of any court or governmental authority against Indemnitors, or any other agreement binding upon Indemnitors, or constitute a Default hereunder.

Indemnitors shall include, but may not be limited to, the following entities and or individuals.

DiPizio Construction Co., Inc.
Boehmer Transporation Corp.
Bernard DiPizio
Laurice Boehmer

**WE HAVE READ THIS INDEMNITY AGREEMENT CAREFULLY.   THERE ARE NO SEPARATE AGREEMENTS OR UNDERSTANDINGS, WHICH IN ANY WAY LESSEN OUR OBLIGATIONS AS ABOVE SET FORTH.**
**IN TESTIMONY HEREOF,** the Indemnitors have hereunto set their hands and fixed their seals this <u>__17th__</u> day
of <u>October</u>, <u>2003</u>.

IMPORTANT:    1.    PRINT OR TYPE NAMES UNDER EACH SIGNATURE.
              2.    ALL PERSONAL INDEMNITORS MUST PROVIDE A RESIDENTIAL ADDRESS AND SOCIAL SECURITY NUMBER AND EACH SIGNATURE MUST BE NOTARIZED.
              3.    ALL CORPORATE INDEMNITORS MUST PROVIDE AN ADDRESS AND FEDERAL TAX IDENTIFICATION NUMBER. TWO SIGNATURES ARE REQUIRED; THAT OF A SECRETARY AND AN AUTHORIZED OFFICER. **EACH SIGNATURE MUST BE** NOTARIZED.

**If Indemnitor an Individual, sign below**

_____          ▆▆▆▆▆▆          [REDACTED SS #]
Individual          Bernard DiPizio                SS#

ACKNOWLEDGEMENT
STATE OF _____ New York County of ___Erie_____

On this __17th_ day of __October___ , _2003_ before me personally appeared ____Bernard DiPizio_____ of

__999 Borden Rd., Depew. NY 14043_____ known or proven to me to be the person described in
(Address)
and who executed the foregoing instrument, and he/she acknowledged to me that he/she executed the same.

ROSANNE LETTIERI
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES JAN. 27, 2006

Notary Public

_____          ▆▆▆▆▆▆          [REDACTED SS #]
Individual          Laurice Boehmer                SS#

ACKNOWLEDGEMENT
STATE OF _____ New York County of ___Erie_____

On this _17th_ day of __October__ , _2003_ before me personally appeared ____Laurice Boehmer_____ of

__Maple & Union Streets. Machias. NY 14101_____ known or proven to me to be the person described in
(Address)
and who executed the foregoing instrument, and he/she acknowledged to me that he/she executed the same.

ROSANNE LETTIERI
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES JAN. 27, 2006

Notary Public

**If Indemnitor a Corporation, Limited Liability Company or Partnership, sign below:**

Instructions: All signatures must be notarized. If the company is: 1) a **Corporation**, the **Secretary** and an **Authorized Officer** should sign on behalf of the Corporation, 2) a **Limited Liability Corporation**, the **Manager or Member(s)** should sign on behalf of the LLC, or 3) a **Partnership**, the **Partner(s)** should sign on behalf of the partnership. Two signatures are required for all companies except where otherwise instructed by Travelers.

Each of the undersigned hereby affirms to the Company that he or she is a secretary or a duly authorized officer, manager or official of each of the business entities which enters into the foregoing Agreement as an Indemnitor. In such capacity the undersigned is familiar with all of the documents set forth and establishes the rights which govern the affairs, power and authority of such business entity including, to the extent applicable, the certificate or articles of incorporation, bylaws, corporate resolutions, partnership, and operating or limited liability agreements of such business entity. Having reviewed all such applicable documents and instruments and such other facts as deemed appropriate, the undersigned hereby affirms that such entity has the power and authority to enter into such Agreement and that the individual executing such Agreement on behalf of such entity is duly authorized to do so.

DiPizio Construction Co., Inc.
100 Stradtman Street
Cheektowaga, NY 14206
(Company)

By _____ (Seal)
(Signature of Authorized Officer)

**Bernard DiPizio, President**
_____
(Print or Type Name and Title)

16-1090139
_____
(Federal Tax ID)

By _____ (Seal)
(Signature of Authorized Officer)

**Laurice Boehmer, Secretary**
_____
(Print or Type Name and Title)

ACKNOWLEDGEMENT
STATE OF _____New York__ County of ___Erie____

On this __17th_ day of __October__, _2003_, before me personally appeared ____Bernard DiPizio____ known or proven to me to be the ____President____, of the corporation and ___Laurice Boehmer___ known or proven to me to be the ____Secretary____, of the corporation executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of said corporation and that it was affixed and that they executed said instrument by authority of the Board of Directors of said corporation. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Notary Public residing at _24 Kennedy Rd, Cheek NY_
(Commission expires _1-27-06_ ) 14227

ROSANNE LETTIERI
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES JAN. 27, 2006

Boehmer Transportation Corp.
Maple & Union Streets
Machias, NY 14101
(Company)

By _____ (Seal)
(Signature of Authorized Officer)

**Laurice Boehmer, President**
_____
(Print or Type Name and Title)

16-0952042
_____
(Federal Tax ID)

By _____ (Seal)
(Signature of Authorized Officer)

**Richard P. Boehmer, Secretary**
_____
(Print or Type Name and Title)

ACKNOWLEDGEMENT
STATE OF _____New York__ County of ___Erie____

On this _17th_ day of __October__, _2003_, before me personally appeared ____Laurice Boehmer____ known or proven to me to be the ____President____, of the corporation and ___Richard P. Boehmer___ known or proven to me to be the ____Secretary____, of the corporation executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of said corporation and that it was affixed and that they executed said instrument by authority of the Board of Directors of said corporation. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Notary Public residing at _24 Kennedy Cheek NY_
(Commission expires _1-27-06_ ) 14227

ROSANNE LETTIERI
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES JAN. 27, 2006

**Travelers Casualty and Surety Company of America**
**General Agreement of Indemnity**
**Additional Indemnitor Rider**

This Rider is hereby incorporated into, and forms a part of, the General Agreement of Indemnity executed by DiPizio Construciton Co., Inc. and Boehmer Transportation Corp., Bernard DiPizio and Laurice Boehmer ("Indemnitors") in favor of Travelers Casualty and Surety Company of America, St. Paul Fire and Marine Insurance Company, any of their present or future direct or indirect parent companies, any of the respective present or future direct or indirect affiliates or subsidiaries of such companies and parent companies, and/or any of the aforementioned entities' successors or assigns ("Company"), and dated October 17, 2003 ("Agreement").

Great Lakes Concrete Products, LLC 5690 Camp Road, Hamburg, New York 14075 ("Undersigned") shall become an additional Indemnitor to the Agreement bound by all of the terms and conditions of the Agreement. The Undersigned agrees that all capitalized terms used in this Rider but not defined herein are used with the meanings given them in the Agreement.

The Undersigned acknowledges he/she has read the Agreement carefully. There are no separate agreements or understandings which in any way lessen the obligations as set forth in the Agreement. The Undersigned has a substantial, material and beneficial interest: (a) in the obtaining of Bonds by any of the Indemnitors; and (b) in the transaction(s) for which any other Indemnitor has applied or will apply to Company for Bonds pursuant to the Agreement. The Undersigned has the full power and authority to execute, deliver and perform the Agreement and to carry out the obligations stated therein. The Undersigned further acknowledges and agrees that: (x) the execution, delivery and performance of the Agreement; (y) the compliance with the terms and provisions thereof; and (z) the carrying out of the obligations contemplated therein, do not, and will not, conflict with and will not result in a breach or violation of any terms, conditions or provisions of the charter documents or bylaws of Undersigned, or any law, governmental rule or regulation, or any applicable order, writ, injunction, judgment or decree of any court or governmental authority against Undersigned, or any other agreement binding upon Undersigned, or constitute a default thereunder.

This Rider shall: (1) not relieve, reduce, diminish or lessen the obligations of any other Indemnitor from any obligations set forth in the Agreement; and (2) not limit Company's rights and/or remedies under the Agreement.

| If Indemnitor an individual, sign below: |
| --- |

Indemnitor – Individual        (signature)                     Month/Day/Year    Address

Indemnitor – Individual        (print or type)                                   SS#

**ACKNOWLEDGEMENT**
**STATE OF** ⬛⬛⬛⬛⬛        **County of** ⬛⬛⬛⬛⬛
On this ____ day of _____, _____, before me personally appeared _____ of the address shown above, known or proven to me to be the person described in and who executed the foregoing instrument, and he/she acknowledged to me that he/she executed the same. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Notary Public               (signature)

Notary Public               (print or type)

Notary Public residing at:

Commission expires:

| If Indemnitor a Corporation, Limited Liability Company, Partnership, or Trust, sign below: |
| --- |

**Instructions:** All signatures must be notarized. If the entity is: 1) a corporation, the secretary and an authorized officer should sign on behalf of the corporation; 2) a limited liability company, the manager(s) or member(s) should sign on behalf of the LLC; 3) a partnership, the partner(s) should sign on behalf of the partnership; or 4) a trust, all trustees should sign. Two signatures are required for all entities except where otherwise instructed by Company.

Each of the undersigned hereby affirms to Company as follows: I am a duly authorized official of the business entity Indemnitor on whose behalf I am executing this Rider. In such capacity I am familiar with all of the documents which set forth and establish the rights which

Additional Indemnitor Rider 8-2004                                              Page 1 of 2

govern the affairs, power and authority of such business entity including, to the extent applicable, the certificate or articles of incorporation, bylaws, corporate resolutions, and/or partnership, operating or limited liability agreements of such business entity. Having reviewed all such applicable documents and instruments and such other facts as deemed appropriate, I hereby affirm that such entity has the power and authority to enter into this Rider and that the individuals executing this Rider on behalf of such entity are duly authorized to do so.

Great Lakes Concrete Products, LLC
5690 Camp Road
Hamburg, New York 14075
Indemnitor – Corporation, Limited Liability Company, Partnership, or Trust (circle one)

By _____ (Seal)
(Signature of Authorized Official)

Bernard DiPizio, Member
(Print or Type Name and Title)
5690 Camp Road, Hamburg, New York 14075
(Address)

45-154201

(Federal Tax ID)                    Month/Day/Year

By _____ (Seal)
(Signature of Authorized Official)

Laurice Boehmer, Member
(Print or Type Name and Title)
New York
(State of Incorporation / Formation)

ACKNOWLEDGEMENT
STATE OF New York        County of Albany

On this 13th day of September, 2007, before me personally appeared Bernard DiPizio, known or proven to me to be the Member of the entity executing the foregoing instrument ("Entity"), and Laurice Boehmer, known or proven to me to be the Meber of the Entity, and they acknowledged said instrument to be the free and voluntary act and deed of Entity for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of Entity and that it was affixed and that they executed said instrument by authority of Entity. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

_____
Notary Public                    (signature)

Rosanne Lettieri
Notary Public                    (print or type)

Notary Public residing at:

Commission expires:        ROSANNE LETTIERI
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES JAN. 27, 20__

Travelers Casualty and Surety Company of America hereby acknowledges receipt of this Rider and consents to its execution.

Travelers Casualty and Surety Company of America

By _____ (Seal)
(Signature of Authorized Employee)

_____
(Print or Type Name and Title)

_____
(Address)

EXHIBIT "2"

Index No.:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

Plaintiff,

-against-

DIPIZIO CONSTRUCTION COMPANY, INC.,
BOEHMER TRANSPORTATION CORP.,
GREAT LAKES CONCRETE PRODUCTS, LLC,
BERNARD DIPIZIO and LAURICE BOEHMER,

Defendants

**COMPLAINT**

TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP
Attorneys for Plaintiff
*TRAVELERS CASUALTY AND SURETY*
*COMPANY OF AMERICA*
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753-2702
Tel.: 516-240-8900