**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**TRAVELERS CASUALTY AND SURETY**
**COMPANY OF AMERICA,**

                             **Plaintiff,**           **14-CV-576A(Sr)**

**v.**

                                                        **CASE MANAGEMENT ORDER**

**DIPIZIO CONSTRUCTION**
**COMPANY, INC., et al.,**

                             **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #20.

Travelers Casualty and Surety Company of America ("Travelers"), commenced this action seeking payment of loss payments incurred on multiple performance and payments bonds issued subject to a general agreement of indemnity signed by the defendants.  Dkt. #22.

Currently before the Court is defendants' motion to stay this proceeding pending resolution of cases pending in New York State Supreme Court, Erie County. Dkt. #30.  For the following reasons, the motion is denied.

**BACKGROUND**

On April 25, 2012, DiPizio Construction Company ("DiPizio"), entered into a construction contract with the Erie Canal Harbor Development Corporation ("ECHDC"), for the Erie Canal Inner Harbor Project.  Dkt. #30-1, ¶ 6.  A performance bond and material payment bond in the amount of $19,784,000 (Bond No. 105594405), was issued by Travelers, as surety, and DiPizio, as principal, to the ECHDC as obligee. Dkt. #30-1, ¶ 7 & Dkt. #30-2, ¶ 5.

On May 8, 2013, ECHDC issued a notice of intent to terminate the contract with DiPizio.  Dkt. #30-1, ¶ 8.

On May 13, 2013, DiPizio commenced a lawsuit against the ECHDC in New York State Supreme Court, Erie County (No. 602666/2013), seeking an injunction to stop ECHDC from terminating DiPizio's contract.  Dkt. #30-1, ¶ 9.  Following a hearing, the New York State Supreme Court denied the preliminary injunction on the ground that DiPizio would not suffer irreparable harm inasmuch as it possessed an adequate remedy at law, *to wit*, monetary damages. Dkt. #30-1, ¶ 10.

On July 22, 2013, ECHDC terminated the contract with DiPizio and made a claim against Travelers on the performance bond.  Dkt. #30-1, ¶ 11.

On September 13, 2013, DiPizio commenced a defamation action (No. 801815/2013), against the New York State Urban Development Corporation d/b/a

Empire State Development, the ECHDC, Sam Hoyt, Thomas Dee, and Mark Smith. Dkt. #30-1, ¶ 16.

Effective September 23, 2013, ECHDC and Travelers entered into a Takeover Agreement whereby Travelers agreed to complete the remaining work on the Erie Canal Inner Harbor Project contract.  Dkt. #30-1, ¶ 12.

In November of 2013, DiPizio commenced a declaratory judgment action (No. 803777/2013), seeking a declaration that the performance bond on the Erie Canal Inner Harbor Project has not been triggered and the ECHDC breached the contract.

On July 16, 2014, Travelers commenced this diversity action against DiPizio and other signatories to a General Agreement of Indemnity seeking payment of $720,908.82 on the Erie & Niagara D262047 Project (Bond No. 105594546); $699,893.99 on the Erie County 2013 Capital Overlay Project (Bond No. 105809269); and $102,426.26 on the Niagara County D261076 Project (Bond No. 105135961), and asserting a general claim for reimbursement of expenses on all bonds issued, including Bond No. 105594405 pertaining to the Erie Canal Inner Harbor Project. Dkt. #1.  The General Agreement of Indemnity provides that

> The Indemnitors shall exonerate, indemnify and save the Company harmless from and against every claim, loss, damage, demand, liability, cost, charge, Bond premium, suit, judgment, attorney's fee, and expense which the Company incurs in consequence of having obligations in connection with such Bonds.

Dkt. #22, p.15.

On August 14, 2014, Travelers intervened as plaintiff in the state court contract and declaratory judgment actions relating to the Erie Canal Inner Harbor Project (No. 602666/2013 and No. 803777/2013), seeking payment of the excess costs of completion of the contract, estimated at more than $10,000,000, from ECHDC.  DKt. #30-1, ¶ 17.  Travelers alleges that the termination of the contract by ECHDC was improper because DiPizio was entitled to a significant time extension for completion of the contract due to different site conditions below subgrade elevations and multiple design changes.  Dkt. #30-2, ¶ 12-14.  Travelers further alleges that their contractor's delay in completing the remaining work under the Erie Canal Inner Harbor Project contract was attributable to spalling of the structure concrete slab and related repair necessitated by an ECHDC design error.  Dkt. #30-2, ¶¶ 15-18.  Thus, Travelers seeks recovery against ECHDC based upon its rights under the Indemnity Agreement as the assignee and real party in interest of DiPizio's claims against ECHDC and also based upon its own losses caused by ECHDC following Travelers' takeover of the Erie Canal Inner Harbor Project.  Dkt. #35, p.13.

In its answer to this action, DiPizio asserted counterclaims for damages arising from Travelers takeover of the project and refusal to allow DiPizio to complete the contract or to issue additional bonds to DiPizio, including tortious interference with DiPizio's contract with ECHDC; gross negligence; and negligence.  Dkt. #19.

On November 21, 2014, Travelers amended its complaint in this action to supplement its losses on the bonds set forth in the original complaint and quantify its

loss on the Erie Canal Inner Harbor Project (Bond No. 105594405), as more than $20 million.  Dkt. #22.  The amended complaint also added claims, pursuant to the General Agreement of Indemnity, for payment of losses on Bond No. 105809035 pertaining to the Seneca Creek Casino Project; Bond No. 105809279 pertaining to the Meadow Drive Extension Project; and Bond No. 105809189 pertaining to a 2013 Road Reconstruction Project.  Dkt. #22.

By Decision and Order entered April 24, 2015, the Hon. Timothy J. Walker, J.S.C., determined that DiPizio had defaulted on the General Agreement of Indemnity and that all remaining claims in the contract, defamation and declaratory judgment actions have been assigned to Travelers, who is the real party in interest for purposes of all claims in the actions.

## DISCUSSION AND ANALYSIS

In support of the motion to stay, DiPizio argues that the issues relating to the Erie Canal Inner Harbor Project will be resolved in the state court actions.  Dkt. #30-4, p.8.  Without a stay of the federal court action, DiPizio argues that the parties and the Court will endure unnecessary and unwarranted litigation expenses and risk inconsistent court rulings.  Dkt. #30-4, p.9.

Travelers opposes the motion and seeks summary judgment with respect to $1,993,033.32 in payments made by Travelers pursuant to five bonds other than the

Erie Canal Inner Harbor Project bond as well as a determination of liability with respect to the Erie Canal Inner Harbor Project bond, with damages to be determined upon inquest.  Dkt. #32.  Travelers argues that the federal action, which is based upon Travelers rights under the General Agreement of Indemnity executed by DiPizio *et al.* to recover costs related to multiple bonds issued by Travelers, asserts claims independent of the state court actions pertaining to the contract between DiPizio and ECHDC for construction work on the Erie Canal Inner Harbor Project.  Dkt. #35, pp.15-21.  With respect to the Erie Canal Inner Harbor Project, Travelers argues that its rights under the General Agreement of Indemnity are enforceable regardless of the propriety of ECHDC's termination of the contract with DiPizio.  Dkt. #35, pp.15-21.

"It is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action." *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993); *See Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.").  In making the decision to grant or deny a motion to stay, courts consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *Kappel v. Comfort,* 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996), *quoting Volmar,* 152 F.R.D. at

39. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  More particularly, where the possibility looms that the stay will damage the interests of others, "the movant must make out a clear case of hardship or inequity in being required to go forward."  *LaSala v. Needham & Co.*, 399 F. Supp.2d 421, 427 (S.D.N.Y. 2005)(internal quotation omitted).

DiPizio has not met its burden of demonstrating the necessity of a stay. Contrary to its argument, the legal issues in this action are not the same as those pending in the state court.  Resolution of the state court actions will determine whether DiPizio or ECHDC breached the contract on the Erie Canal Inner Harbor Project and the amount of damages due as a result of that breach, while the instant action will determine Traveler's rights under the General Agreement of Indemnity with respect to claims on multiple bonds. Even if the state court actions determine that DiPizio did not default on the contract with ECHDC, such a finding would not affect DiPizio's liability under an agreement to indemnify against damages incurred by Travelers as surety to ECHDC. *See Travelers Indem. Co. v. Harrison Constr. Grp. Corp.*, No, CV 06-4011, 2008 WL 4725970, at * (E.D.N.Y. Oct. 22, 2008) (rule that surety is entitled to indemnification upon proof of payment where surety is given complete discretion whether to settle or defend claims pursuant to underlying bonds applies regardless of whether the principal was actually in default or liable under its contract with the obligee), *citing Frontier Ins. Co. v. Renewal Arts Contracting Corp.*, 12 A.D.3d 891, 892 (3rd Dep't 2004).  Moreover, the Court finds a potential for prejudice should resolution of Travelers' claims pertaining to payments on bonds unrelated to the Erie Canal Inner Harbor Project be delayed pending resolution of the state court actions.

**CONCLUSION**

For the reasons set forth above, DiPizio's motion to stay these proceedings (Dkt. #30), is denied.  DiPizio shall respond to Traveler's motion for summary judgment (Dkt. #32), no later than **June 10, 2015.**  Traveler's reply, if any, shall be filed no later than **June 26, 2015.**

**SO ORDERED.**

DATED:   Buffalo, New York
         May 7, 2015

                                                   s/ H. Kenneth Schroeder, Jr.
                                                **H. KENNETH SCHROEDER, JR.**
                                                **United States Magistrate Judge**