**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,**

                         **Plaintiff,**           14-CV-576A(Sr)

v.

**DIPIZIO CONSTRUCTION COMPANY, INC., et al.,**

                         **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #20.

Travelers Casualty and Surety Company of America ("Travelers"), commenced this action seeking payment of loss payments incurred on multiple performance and payments bonds issued subject to a general agreement of indemnity signed by the defendants. Dkt. #22.

Currently before the Court is defendants' motion to disqualify Travelers' counsel. Dkt. #49. For the following reasons, the motion is denied.

## BACKGROUND

On April 25, 2012, DiPizio Construction Company ("DiPizio"), entered into a construction contract with the Erie Canal Harbor Development Corporation ("ECHDC"), for the Erie Canal Inner Harbor Project. Dkt. #30-1, ¶ 6. A performance bond and material payment bond in the amount of $19,784,000 (Bond No. 105594405), was issued by Travelers, as surety, and DiPizio, as principal, to the ECHDC as obligee. Dkt. #30-1, ¶ 7 & Dkt. #30-2, ¶ 5.

On May 8, 2013, ECHDC issued a notice of intent to terminate the contract with DiPizio. Dkt. #30-1, ¶ 8.

On May 13, 2013, DiPizio commenced a lawsuit against the ECHDC in New York State Supreme Court, Erie County (No. 602666/2013), seeking an injunction to stop ECHDC from terminating DiPizio's contract. Dkt. #30-1, ¶ 9. Following a hearing, the New York State Supreme Court denied the preliminary injunction on the ground that DiPizio would not suffer irreparable harm inasmuch as it possessed an adequate remedy at law, *to wit*, monetary damages. Dkt. #30-1, ¶ 10.

On July 22, 2013, ECHDC terminated the contract with DiPizio and made a claim against Travelers on the performance bond. Dkt. #30-1, ¶ 11.

On September 13, 2013, DiPizio commenced a defamation action (No. 801815/2013), against the New York State Urban Development Corporation d/b/a

Empire State Development, the ECHDC, Sam Hoyt, Thomas Dee, and Mark Smith. Dkt. #30-1, ¶ 16.

Effective September 23, 2013, ECHDC and Travelers entered into a Takeover Agreement whereby Travelers agreed to complete the remaining work on the Erie Canal Inner Harbor Project contract. Dkt. #30-1, ¶ 12.

In November of 2013, DiPizio commenced a declaratory judgment action (No. 803777/2013), seeking a declaration that the performance bond on the Erie Canal Inner Harbor Project has not been triggered and the ECHDC breached the contract. Dkt. #44-3, p.5.

On July 16, 2014, Travelers commenced this diversity action against DiPizio and other signatories to a General Agreement of Indemnity seeking payment of $720,908.82 on the Erie & Niagara D262047 Project (Bond No. 105594546); $699,893.99 on the Erie County 2013 Capital Overlay Project (Bond No. 105809269); and $102,426.26 on the Niagara County D261076 Project (Bond No. 105135961), and asserting a general claim for reimbursement of expenses on all bonds issued, including Bond No. 105594405 pertaining to the Erie Canal Inner Harbor Project. Dkt. #1. The General Agreement of Indemnity provides that

> The Indemnitors shall exonerate, indemnify and save the Company harmless from and against every claim, loss, damage, demand, liability, cost, charge, Bond premium, suit, judgment, attorney's fee, and expense which the Company

>     incurs in consequence of having obligations in connection
>     with such Bonds.

Dkt. #22, p.15.

On August 14, 2014, Travelers intervened as plaintiff in the state court contract and declaratory judgment actions relating to the Erie Canal Inner Harbor Project (No. 602666/2013 and No. 803777/2013), seeking payment of the excess costs of completion of the contract, estimated at more than $10,000,000, from ECHDC.  DKt. #30-1, ¶ 17.  Travelers alleges that the termination of the contract by ECHDC was improper because DiPizio was entitled to a significant time extension for completion of the contract due to different site conditions below subgrade elevations and multiple design changes.  Dkt. #30-2, ¶ 12-14.  Travelers further alleges that their contractor's delay in completing the remaining work under the Erie Canal Inner Harbor Project contract was attributable to spalling of the structure concrete slab and related repair necessitated by an ECHDC design error.  Dkt. #30-2, ¶¶ 15-18.  Thus, Travelers seeks recovery against ECHDC based upon its rights under the Indemnity Agreement as the assignee and real party in interest of DiPizio's claims against ECHDC and also based upon its own losses caused by ECHDC following Travelers' takeover of the Erie Canal Inner Harbor Project.  Dkt. #35, p.13.

In its answer to this action, DiPizio asserted counterclaims for damages arising from Travelers takeover of the project and refusal to allow DiPizio to complete the contract or to issue additional bonds to DiPizio, including tortious interference with DiPizio's contract with ECHDC; gross negligence; and negligence.  Dkt. #19.

On November 21, 2014, Travelers amended its complaint in this action to supplement its losses on the bonds set forth in the original complaint and quantify its loss on the Erie Canal Inner Harbor Project (Bond No. 105594405), as more than $20 million. Dkt. #22. The amended complaint also added claims, pursuant to the General Agreement of Indemnity, for payment of losses on Bond No. 105809035 pertaining to the Seneca Creek Casino Project; Bond No. 105809279 pertaining to the Meadow Drive Extension Project; and Bond No. 105809189 pertaining to a 2013 Road Reconstruction Project. Dkt. #22.

By Decision and Order entered April 24, 2015, the Hon. Timothy J. Walker, J.S.C., determined that DiPizio had defaulted on the General Agreement of Indemnity and that all remaining claims in the contract, defamation and declaratory judgment actions have been assigned to Travelers, who is the real party in interest for purposes of all claims in the actions. Dkt. #44-3.

By Decision and Order entered June 1, 2015, Justice Walker consolidated the state court actions and noted that "since the Court has now determined that Travelers is the assignee and real party in interest of DiPizio's claims against [ECHDC], DiPizio is no longer a plaintiff . . . in these actions." Dkt. #54-1, p.2. As a result, Justice Walker ordered the captions amended to name "Travelers Casualty and Surety Company of America, asserting claims in its own right, and as the assignee and real party in interest of the claims asserted by DiPizio Construction Company, Inc.," as plaintiff. Dkt. #54-1, p.2.

**DISCUSSION AND ANALYSIS**

In support of the motion to disqualify Traveler's counsel, DiPizio argues that because Travelers now "represents DiPizio's claims" in the state court actions, Traveler's "representation against [DiPizio] in this case [is] in direct conflict with its representation of [DiPizio's] claims in Erie County Supreme Court."  Dkt. #49-1, ¶¶ 10-11.  More specifically, DiPizio states that Traveler's "cannot sue [DiPizio] in this case and represent the exact same entity in Erie County Supreme Court."  Dkt. #49-1, ¶ 12. DiPizio claims violation of Rules 1.6 and 1.7 of the New York Rules of Professional Conduct which address use of confidential information and conflict of interest between current clients. Dkt. #49-3, p.3.

Travelers responds that its counsel "only represents Travelers, the assignee and real party in interest in these three State Court Actions; Travelers' counsel does not represent the assignee DiPizio, which no longer owns these claims and is not a party in those actions."  Dkt. #55, p.2.  Travelers notes that "DiPizio has always been represented by its own counsel in opposition to Travelers' assignee/real party in interest motion, and continues to be represented by its own counsel for its appeal of Justice Walker's Decision" assigning DiPizio's claims to Travelers. Dkt. #55, p.2.

DiPizio replies that:

In order for Travelers to prosecute the claims in these State Court actions, it is logical to anticipate that Travelers . . . will require DiPizio's knowedge . . . and its books and records,

> including its financial records. Travelers will presumably work hand in hand with DiPizio in developing the claim support and will be on the same side if DiPizio representatives are deposed and appear as witnesses at trial. At the same time, [Traveler's counsel] is representing Travelers in this Court in Travelers' claim against DiPizio and the other defendants/indemnitors."

Dkt. #57, ¶ 8.

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Incorporated Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). Such motions are generally considered with disfavor in this circuit because of their potential to interfere with a "client's right freely to choose his counsel" and because such motions "are often interposed for tactical reasons" and "inevitably cause delay." *Evans v. Artek Sys., Corp.*, 715 F.2d 788, 791 (2d Cir. 1983). Thus, a movant bears a "heavy burden of proving facts required for disqualification" of opposing counsel. *Id. at* 794. However, "any doubt is to be resolved in favor of disqualification." *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975). "The disqualification of an attorney in order to forestall violation of ethical principles is a matter committed to the sound discretion of the district court." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72-73 (2d Cir. 1990).

The Court of Appeals has determined that it is "*prima facie* improper" for an attorney to simultaneously represent a client and another party with interests directly adverse to that client." *Hempstead Video*, 409 F.3d at 133. It is equally improper for an attorney to "benefit a client in a lawsuit by using confidential information about an

adverse party obtained through prior representation of that party." *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981). In the instant case, however, DiPizio has proffered no facts to suggest that Travelers' counsel currently represents or previously represented DiPizio. Absent an attorney-client relationship, DiPizio cannot claim breach of privilege with respect to any information provided to Travelers. *See Telectronics Proprietary, Ltd. v. Medtronic, Inc.,* 836 F.2d 1332, 1336 (Fed. Cir. 1988) (if no attorney-client relationship exists, no potential violation of confidentiality can occur), *citing SMI Indus. Canada Ltd v. Caelter Indus.*, 586 F. Supp. 808, 816 (N.D.N.Y. 1984); *R-T Leasing Corp. v. Ethyl Corp.*, 484 F. Supp. 950, 953 (S.D.N.Y. 1979) (no basis for disqualification where counsel obtained access to confidential information during the course of prior proceedings from moving party who was represented by independent counsel), *aff'd* 633 F.2d 206 (2d Cir. 1980).

The assignment of DiPizio's claims against ECHDC to Travelers does not create an attorney-client relationship between DiPizio and Traveler's counsel. *See Telectronics*, 836 F.2d at 1336 ("assignment . . . does not transfer an attorney-client relationship); *SMI Indus.*, 586 F. Supp. at 815 (rejecting "proposition that an assignee of assets stands in the shoes of its assignor" with respect to client confidences). DiPizio retains its counsel with respect to its claims in this action and with respect to issues relating to the state court action against ECHDC. The Court has no doubt that DiPizio's attorneys will continue to counsel DiPizio as to their contractual obligations and/or self-interest in cooperating with Travelers so as to advance claims against ECHDC and endeavor to protect DiPizio's interests to the extent that its interests diverge from

Travelers'. As a result, the Court finds no basis to disqualify Travelers' counsel in this action.

## CONCLUSION

For the reasons set forth above, DiPizio's motion to disqualify Travelers' counsel (Dkt. #49), is denied.

**SO ORDERED.**

DATED:  Buffalo, New York
        July 6, 2015

                                                   s/ H. Kenneth Schroeder, Jr.
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**