UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

                     Plaintiff,

    v.

DIPIZIO CONSTRUCTION COMPANY, INC.,
BOEHMER TRANSPORTATION CORP.,
GREAT LAKES CONCRETE PRODUCTS, LLC,
BERNARD DIPIZIO, LAURICE BOEHMER,
ROSEANNE DIPIZIO, Individually and as Trustee of
DIPIZIO FAMILY TRUST Under Trust Agreement Dated
October 12, 2000, DANIEL F. DIPIZIO, as Trustee of
BERNARD DIPIZIO FAMILY TRUST Under Trust
Agreement Dated October 12, 2000, STRADTMAN PARK,
LLC and RICHARD P. BOEHMER as Trustee of L.
BOEHMER FAMILY TRUST Under Agreement Dated
December 14, 2012, and CASTLE & MOSEY, L.P., a
Purported Mortgagee of Certain Real Property,

                     Defendants.

_____

DECISION AND ORDER

Case # 14-CV-576-FPG

Before the Court is a motion for partial summary judgment filed by the plaintiff in this case, Travelers Casualty and Surety Company of America ("Travelers"). ECF No. 32. United States Magistrate Judge Kenneth Schroeder, Jr. has issued a Report and Recommendation on Travelers's motion, recommending that the Court grant the motion. ECF No. 68.

## BACKGROUND

This dispute arises out of a contract. In 2003, Travelers entered into a General Agreement of Indemnity ("Indemnity Agreement") with Dipizio Construction Company, Inc. ("Dipizio Co."), Boehmer Transportation Corp., Bernard Dipizio, and Laurice Boehmer

(collectively "the Indemnitors").[1]   In essence, the Indemnity Agreement provides that the Indemnitors will hold Travelers harmless from any losses it suffers under "bonds" it issues in connection with construction performed by Dipizio Co.

"Bonds" in the context of the construction projects at issue in this case work as follows. The surety, Travelers, issues both "labor and material payment bonds" and "performance bonds" to guarantee that Dipizio Co. meets its obligations as the general contractor on construction projects. Specifically, the labor and material payment bonds provide that Travelers will pay any subcontractors or suppliers that Dipizio fails to pay on a project. The performance bonds provide that Travelers will step in and complete the project in the event that Dipizio defaults on the project. Importantly, the effect of the Indemnity Agreement is that if Travelers does actually make any payments in connection with these two types of bonds, the Indemnitors must reimburse Travelers for those payments.

With this general background in mind, the Court now provides some important detail on the procedural history of this case. Travelers commenced suit in July 2014 and filed its First Amended Complaint shortly thereafter. In the First Amended Complaint, Travelers sought reimbursements from the Indemnitors under four labor and material payment bonds. ECF No. 22 at ¶¶ 46–50. Specifically, Travelers sought reimbursement in the amount of $810,908.82 on the "Erie & Niagara D262047 Project," $699,893.99 on the "Erie County 2013 Capital Overlay Project," $102,426.26 on the "Niagara County D261076 Project," and $190,932.37 on the "2013 Road Reconstruction Project." *Id.* Thus, in total, Travelers sought reimbursement of $1,804,161.44 under four labor and material payment bonds. *Id.* at ¶ 50.

Additionally, Travelers sought reimbursement for losses it incurred under a performance

---

[1]   Defendant Great Lakes Concrete Products, LLC ("Great Lakes") also became an indemnitor by signing a rider to the Indemnity Agreement in 2007.

bond issued for another project, the "Inner Harbor Project." *Id.* at ¶¶ 51–52. Travelers sought only a finding as to liability on the Inner Harbor Project losses without seeking a specific damages award. *Id.*

Travelers then filed its motion for partial summary judgment, which is now pending before the Court. ECF No. 32. The motion seeks summary judgment on the four labor and material payment bond claims referenced above (ECF No. 35 at 20–22), though for two of the bonds, Travelers adjusted its losses upwards from those specified in the First Amended Complaint. On the second labor and material payment bond, tied to the Erie County 2013 Capital Overlay Project, Travelers seeks $812,241.08 in reimbursements as opposed to $699,893.99. ECF No. 33-1 at 41. On the fourth labor and material payment bond, tied to the 2013 Road Reconstruction Project, Travelers seeks $239,374.70 as opposed to $190,932.37. *Id.* Additionally, Travelers seeks summary judgment under a new fifth labor and material payment bond, tied to the "Seneca Buffalo Creek Casino Project," for $28,082.46. *Id.* The end result is that Travelers requests summary judgment on $1,993,033.32 worth of losses under labor and material payment bonds. ECF No. 35 at 20. Travelers also requests a finding of liability for its losses on the Inner Harbor Project, with a specific damages amount to be determined at inquest. *Id.* at 22–24.

Importantly, Travelers then filed a Second Amended Complaint after it filed its partial summary judgment motion. ECF No. 62. The Second Amended Complaint adds a multitude of new claims and new defendants to the case, and of particular relevance to the partial summary judgment motion, it adjusts the loss amounts under some of the bonds once again. On the second labor and material payment bond claim, Travelers amends its pleading to match the partial summary judgment motion and thus seeks $812,241.08 in reimbursements from the Indemnitors. ECF No. 62 at ¶ 54. For the fourth labor and material payment bond claim, Travelers now

specifies a loss amount that is different from both the First Amended Complaint and the partial summary judgment motion, $285,528.61. *Id.* at ¶ 58. On the fifth labor and material payment bond claim, Travelers also specifies a loss amount that is different from the partial summary judgment motion, $54,023.04. *Id.* at ¶ 62. Notably, the Second Amended Complaint also seeks losses under a new labor and material payment bond, tied to the "Meadow Drive Extension Project," for $40,701.28. *Id.* at ¶ 60. The result is that based on the Second Amended Complaint, Travelers seeks reimbursement on losses under labor and material payment bonds of $2,105,829.09. *Id.* at ¶ 64. Additionally, Travelers again seeks a finding of liability for its losses under the performance bond related to the Inner Harbor Project. *Id.* at ¶ 68.

A brief discussion of Travelers's partial summary judgment motion follows.

## DISCUSSION

It is well-established than an amended complaint generally "supersedes the original [complaint] and renders it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). For this reason, courts in this circuit routinely deny summary judgment motions as moot, or even vacate prior grants of summary judgment, when the motion was based on a complaint that has been rendered legally inoperative. *See, e.g., Benavidez v. Piramides Mayas Inc.*, No. 09 CIV. 5076 KNF, 2013 WL 1627947, at *5 (S.D.N.Y. Apr. 16, 2013) ("*Benavidez I*") *reconsideration denied*, No. 09 Civ. 5076(KNF), 2013 WL 2357527, at *2 (S.D.N.Y. May 24, 2013) ("*Benavidez II*"); *Thompson v. Pallito*, 949 F. Supp. 2d 558, 583 (D. Vt. 2013) *adopted by*, 949 F. Supp. 2d 558, 564; *Tolbert v. Koenigsmann*, No. 913CV1577LEKDEP, 2016 WL 223713, at *3 (N.D.N.Y. Jan. 19, 2016); *Hanrahan v. Menon*, No. 9:07-CV-610FJS/ATB, 2010 WL 984279, at *1 (N.D.N.Y. Mar. 15, 2010). Notably, this general principle holds even if the amended complaint and the original complaint are the same or substantially similar. *See Benavidez II*, 2013 WL 2357527, at *2. The point is simply that when a summary judgment

motion is directed to a complaint that has been superseded, the Court should not consider the merits of the motion.

This general principle would ordinarily cause the Court to deny Travelers's partial summary judgment motion without further discussion. However, given that the parties in this case have spent a substantial amount of time briefing the summary judgment motion, and that prior counsel for Dipizio appears to have tried to delay a decision on the motion with borderline frivolous motion practice (ECF Nos. 49, 57), the Court has explored whether the summary judgment motion can nevertheless be considered. *See Thompson v. Pallito*, 949 F. Supp. 2d 558, 582 (D. Vt. 2013) "([T]he Court may choose from a variety of ways in which to deal with such motions—from denying the motions as moot to considering the merits of the motions in light of the amended complaint.") (citations, internal quotations, and internal alterations omitted).

Unfortunately, the changes between the First Amended Complaint and the Second Amended Complaint counsel strongly against consideration of the interceding summary judgment motion. The Second Amended Complaint adds a variety of new claims and new defendants to the case, but most significantly, it alters claims on which Travelers is moving for summary judgment. Specifically, on two of the four labor and material payment bond claims in the First Amended Complaint, Travelers has changed the damages amounts it seeks with the Second Amended Complaint.[2] Additionally, the Second Amended Complaint adds two new labor and material payment bond claims that are not in the First Amended Complaint.[3] The end result is that Travelers seeks $2,105,829.09 on labor and material payment bond losses in the Second Amended Complaint whereas it sought $1,804,161.44 in the First Amended Complaint.

---

[2] The two bonds under which Travelers has adjusted its losses relate to the Erie County 2013 Capital Overlay Project and the 2013 Road Reconstruction Project.
[3] These two bond claims are related to the Meadow Drive Extension Project and the Seneca Buffalo Creek Casino Project.

Moreover, for two of the labor and material payment bonds at issue in the summary judgment motion, Travelers has actually raised the damages it seeks between the summary judgment motion and the Second Amended Complaint.[4]  Accordingly, even if the Court were to grant summary judgment on these two bond claims, that judgment would not fully dispose of the claims.  The upshot is that the parties would conceivably continue litigating these two claims for the damages difference between the summary judgment motion and the Second Amended Complaint, either with successive summary judgment motions or at trial.

In sum, the result of granting summary judgment at this juncture would be a record that is even more difficult to parse than the one that is currently before the Court.  Accordingly, Travelers's motion for partial summary judgment (ECF No. 32) is denied as moot.

## CONCLUSION

For the reasons stated above, the Court DECLINES TO ADOPT the Report and Recommendation (ECF No. 68), which recommends a grant of Travelers's motion for partial summary judgment.  Travelers's motion for partial summary judgment (ECF No. 32) is DENIED AS MOOT; this denial is WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED:     June 21, 2016
           Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[4]     On the bond related to the 2013 Road Reconstruction Project, the summary judgment motion seeks damages of $239,374.70 whereas the Second Amended Complaint seeks damages of $285,528.61.  On the bond related to the Seneca Buffalo Creek Casino Project, the summary judgment motion seeks damages of $28,082.46 whereas the Second Amended Complaint seeks damages of $54,023.04.