UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA,

                                             Plaintiff,

                                                                               Case # 14-CV-576-FPG

v.

                                                                               DECISION AND ORDER

DIPIZIO CONSTRUCTION COMPANY, INC., et al.,

                                             Defendants.[1]

## INTRODUCTION[2]

On July 10, 2015, Plaintiff Travelers Casualty and Surety Company of America filed a Second Amended Complaint[3] alleging that DCC and the Indemnitors[4] must reimburse Travelers for losses on performance bonds it issued regarding the Non-Inner Harbor Projects (the First through Seventh Claims); DCC and the Indemnitors must reimburse Travelers for losses on performance bonds it issued for the Inner Harbor Project (the Eighth and Ninth Claims); the Indemnitors must reimburse Travelers for costs and expenses associated with all bonds (the Tenth Claim); the Indemnitors must deposit collateral security with Travelers under the General Agreement of Indemnity ("GAI") (the Eleventh Claim); Bernard DiPizio fraudulently conveyed

---

[1] DiPizio Construction Company, Inc. ("DCC"), Boehmer Transportation Corp., Great Lakes Concrete Products, LLC, Bernard DiPizio, Laurice Boehmer, Rosanne DiPizio, Individually and as Trustee of the Bernard DiPizio Family Trust Under Trust Agreement Dated October 12, 2000, Daniel F. DiPizio, as Trustee of the Bernard DiPizio Family Trust Under Trust Agreement Dated October 12, 2000, Stradtman Park, LLC, and Richard P. Boehmer as Trustee of the L. Boehmer Family Trust Under Agreement Dated December 14, 2012, and Castle & Mosey, L.P., a Purported Mortgagee of Certain Real Property.

[2] The Court assumes the parties' understanding of the background of this case as it is outlined in Judge Schroeder's thorough Report and Recommendation ("R&R").

[3] Travelers filed its initial Complaint on July 10, 2014, and its Amended Complaint on November 21, 2014. ECF Nos. 1, 22.

[4] DCC, Boehmer Transportation Corp., Bernard DiPizio, Laurice Boehmer, and Great Lakes Concrete Products, LLC, all signed the General Agreement of Indemnity ("GAI"). *See* ECF No. 62 ¶¶ 16-21. Consequently, they are collectively known as the "Indemnitors." Travelers also alleges that DCC is individually required to reimburse Travelers for bond losses as the "Bond Principal." *See id.* at 10-12.

property (the Twelfth Claim); Castle & Mosey, L.P., has no mortgage interest in a property (the Thirteenth Claim); Laurice Boehmer fraudulently conveyed property (the Fourteenth Claim); Travelers is entitled to an order enjoining Bernard DiPizio and Laurice Boehmer from transferring property or dissipating the proceeds of sales of property (the Fifteenth Claim); and Bernard and Rosanne DiPizio diverted trust funds in violation of New York's Lien Law (the Sixteenth Claim). *See* ECF No. 62 ¶¶ 51-119.

On September 1, 2016, Travelers filed another Partial Motion for Summary Judgment ("Travelers's Motion") seeking (1) $2,105,829.09 under the First through Seventh Claims plus prejudgment interest at the rate of 9% per annum from the date of loss pursuant to N.Y. C.P.L.R. § 5004; (2) a finding of liability on the Eighth and Ninth Claims with the amount to be determined at a hearing; (3) $4.25 million as collateral security for Travelers's anticipated losses under the Inner Harbor bonds under the Eleventh Claim; (4) severance of the remaining claims and counterclaims; and (5) final judgment as to the First through Ninth and Eleventh Claims pursuant to Federal Rules of Civil Procedure 54 and 58. *See* ECF No. 114 at 5-6; ECF No. 130 at 1-2.

On March 12, 2018, Judge Schroeder issued a Report and Recommendation ("R&R") on Travelers's Motion again recommending that this Court grant it in full. *See* ECF No. 130. Defendants filed objections to the R&R two weeks later, to which Travelers responded. *See* ECF Nos. 131-133. The R&R, Objections, and Response are currently before the Court.

For the reasons stated, the Court ACCEPTS AND ADOPTS Judge Schroeder's R&R in full, and Travelers's Partial Motion for Summary Judgment is GRANTED.

**LEGAL STANDARD**

28 U.S.C. § 636(b)(1) allows district judges to assign cases to magistrate judges to "increase the overall efficiency of the federal judiciary while preserving for litigants the opportunity to have their claims heard by a district judge." *McCarthy v. Mason*, 554 F. Supp.

1275, 1285 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (citation and quotation marks omitted). In consideration of these principles, "parties are afforded an opportunity to obtain *de novo* review of a magistrate's recommended decision" with two limitations: they must file specific objections within "certain time limits." *Id.* (citing 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P. 72(b)(2). To be "specific," the objections must "be supported by legal authority" and "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection[.]" Loc. R. Civ. P. 72(b).

Parties are not entitled to a "second bite at the apple" when filing objections. *Camardo v. GM Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (citing *McCarthy*, 554 F. Supp. at 1286). Indeed, parties are entitled only to clear error review when they "attempt to engage the district court in a rehashing of the same arguments set forth in the original [pleadings]." *E.g.*, *McNair v. Ponte*, 16 Civ. 4646 (PGG), 2018 WL 1384522, at *5 (S.D.N.Y. Mar. 19, 2018); *Toth v. New York City Dep't of Educ.*, 14-cv-3776 (SLT) (JO), 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017), *rev'd on other grounds sub nom.*, *Toth ex rel. T.T. v. City of New York Dep't of Educ.*, No. 17-383-cv, 2018 WL 258793 (2d Cir. Jan. 2, 2018) (summary order).

When a plaintiff makes only general objections to the R&R or reiterates the original arguments, the Court will review the R&R for clear error. *U.S. v. Gardin*, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006); *McNair*, 2018 WL 1384522, at *5; *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (reviewing a "bare statement, devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority" for clear error). "When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted).

Finally, the Court will refuse to consider new arguments not presented to the magistrate judge in the first instance. *See Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's [R&R] that could have been raised before the magistrate but were not.").

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

### I. Legal Standard

As a threshold matter, there is disagreement among the parties regarding what standard of review the Court should use. Defendants contend that the Second Circuit finds *de novo* review of repeated arguments in an objection to an R&R "appropriate." ECF No. 132 at 2-3 (citing *10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co.*, 634 F.3d 112, 119 (2d Cir. 2011) ("Mountain Valley filed written objections to the entire [R&R] making essentially the same arguments it had presented to the magistrate judge. Upon *de novo* review, the district court adopted the [R&R] in its entirety and without further written analysis.")). Travelers disagrees. ECF No. 133 at 5-6.

As the Court outlined above, the law is well settled and steadfastly supports Travelers's position. At most, Defendants' argument suggests that district courts may have discretion to review an R&R *de novo* even where a party repeats arguments previously made. Recent case law within the Circuit, however, shows that there is no doubt that "rehashing" or repeating arguments in objections to an R&R entitles that party only to clear error review of the R&R. *See, e.g.*, *McNair*, 2018 WL 1384522, at *5; *Toth*, 2017 WL 78483, at *7.

4

## II. Objections

In Defendants' objections to the R&R, they repeat arguments made in their response to Travelers's Motion. First, they argue that the Appellate Division for the Fourth Department held that whether the Erie Canal Harbor Development Corporation ("ECHDC") declared DCC in default is a "triable issue of fact." ECF No. 120 at 8-1; ECF No. 132 at 5-9. Second, they claim that the Takeover Agreement supersedes the GAI and preserved DCC's rights against ECHDC. ECF No. 120 at 11-12; ECF No. 132 at 17-20. Third, they allege that Travelers "diverted" DCC's money to pay DCC's contractors. ECF No. 120 at 12-13; ECF No. 132 at 20-22. Fourth, they contend "some" bills submitted by contractors were not "properly due and owing" either because they were pay-when-paid bills or there was a dispute over the amount due. ECF No. 120 at 14-16; ECF No. 132 at 22-24. Fifth, they assert that Travelers breached the GAI by violating its duty of good faith and fair dealing, acting in bad faith, acting with gross negligence, and by selecting The Pike Company to complete the Inner Harbor project. ECF No. 120 at 17-26; ECF No. 132 at 9-16.

All of these arguments were made in Defendants' response to Travelers's Motion and were rejected by Judge Schroeder in his R&R. Undeterred, Defendants again made the same arguments, sometimes verbatim, in their objections to the R&R.

The only remaining objections are two new arguments not submitted to Judge Schroeder: that ECHDC improperly made a claim on one of the performance bonds and that the Court cannot grant Travelers summary judgment on its Ninth and Eleventh Claims because they are "inextricably intertwined" with Defendants' counterclaims. ECF No. 132 at 16-17, 24-25.

Defendants' objections to the R&R fail[5] for three reasons. First, the Court is not required to, and will not, consider the two new arguments Defendants raised that were not presented to

---

[5] The Court notes that Defendants also failed to file the required Certification with their objections. *See* Loc. R. Civ. P. 72(c) ("Any party filing objections to a Magistrate Judge's order or recommended disposition *must* include with

5

Judge Schroeder. *See Hubbard*, 752 F. Supp. 2d at 312-13. Second, the arguments that Defendants repeated entitle them only to clear error review of those sections of the R&R. *See, e.g.*, *McNair*, 2018 WL 1384522, at *5; *Toth*, 2017 WL 78483, at *7. Finally, the Court reviewed Judge Schroeder's R&R in its entirety and finds no clear error in its well-reasoned and thorough analysis.

## CONCLUSION

Accordingly, the Court ADOPTS Judge Schroeder's R&R, ECF No. 130, in full, and Travelers's Partial Motion for Summary Judgment, ECF No. 111, is GRANTED.

Consequently, Travelers is entitled to:

(1) a judgment finding liability and damages under the First through Seventh Claims in the amount of $2,105,829.09, plus prejudgment interest at the rate of 9% per annum from the date of loss pursuant to N.Y. C.P.L.R. § 5004 against DCC and the Indemnitors;

(2) a judgment finding liability on the Eighth and Ninth Claims with the amount to be determined at a hearing;

(3) a judgment finding liability and damages under the Eleventh Claim in the amount of $4.25 million as collateral security for Travelers's anticipated losses under the Inner Harbor bonds;

(4) severance of the remaining claims and counterclaims pursuant to Rule 54; and

(5) final judgment as to the First through Ninth and Eleventh Claims pursuant to Rules 54 and 58.

As a result, the Tenth and Twelfth through Sixteenth Claims will proceed.

---

the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge.") (emphasis added).

By separate order, the Court will schedule a status conference to hear from the parties on the progress of this action.

IT IS SO ORDERED.

Dated: April 16, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court