UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA,

                             Plaintiff,

                                                                                      Case #14-CV-576-FPG

v.

                                                                                    DECISION AND ORDER

DIPIZIO CONSTRUCTION COMPANY, INC., et al.,

                             Defendants.[1]
_____

On April 17, 2018, the Court issued a Decision and Order granting Travelers's Motion for Partial Summary Judgment. *See* ECF No. 134. In it, the Court found Defendants liable for Travelers's Eighth and Ninth claims and issued a final judgment on those claims pursuant to Federal Rule of Civil Procedure 54. *See id.*

The Court then scheduled a status conference on May 1, 2018, intending to discuss the case and schedule a hearing to determine damages on the Eighth and Ninth claims. After the hearing, the Court scheduled the damages hearing for June 11, 2018. *See* ECF No. 137. On May 15, 2018, Defendants filed a Notice of Appeal on the Court's Decision and Order. *See* ECF No. 142. Defendants then filed a Motion to Stay the damages hearing, which is currently before the Court. *See* ECF Nos. 141-43, 144-45. For the reasons stated, Defendants' Motion is GRANTED.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects

---

[1] DiPizio Construction Company, Inc., Boehmer Transportation Corp., Great Lakes Concrete Products, LLC, Bernard DiPizio, Laurice Boehmer, Rosanne DiPizio, Individually and as Trustee of the Bernard DiPizio Family Trust Under Trust Agreement Dated October 12, 2000, Daniel F. DiPizio, as Trustee of the Bernard DiPizio Family Trust Under Trust Agreement Dated October 12, 2000, Stradtman Park, LLC, and Richard P. Boehmer as Trustee of the L. Boehmer Family Trust Under Agreement Dated December 14, 2012, and Castle & Mosey, L.P., a Purported Mortgagee of Certain Real Property.

of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Leonhard v. United States*, 633 F.2d 599, 609 (2d Cir. 1980) ("Normally the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction, as to any matters involved in the appeal, from the district court to the court of appeals."). District courts, however, should not blindly decline jurisdiction once a notice of appeal is filed—they must ensure that the rule's application is "faithful to the principle of judicial economy . . . ." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996).

Here, Defendants appealed the final judgment on *liability* as to the Eighth and Ninth claims; they did not appeal a judgment as to *damages*, because such a judgment does not currently exist. Consequently, it appears that the Court has no jurisdiction over any proceedings regarding Defendants' liability as to the Eighth and Ninth claims, but it does retain jurisdiction over the determination of damages.

The line between liability and damages, however, is thin. Indeed, Travelers would not be entitled to damages if Defendants were not liable to Travelers for the damages Travelers claims. In other words, entitlement to damages is dependent on liability. Because of this relationship, it would be imprudent to determine the damages to which Travelers is entitled while the Second Circuit decides whether Defendants are in fact liable to Travelers on the Eighth and Ninth claims.

Moreover, the principle of judicial economy compels the Court to stay the damages hearing pending Defendants' appeal of the judgment on liability. If the Court proceeds with the hearing, it is possible that the Second Circuit will subsequently reverse the Court's judgment, rendering the hearing on damages moot. It is also possible that the Second Circuit will affirm the judgment on liability and then Defendants will later appeal any judgment on damages on the same claims. The

Second Circuit would, therefore, reconsider issues similar to those it will consider in the appeal of the judgment on liability.

Normally, when a district court stays proceedings in a case pending appeal, it must consider four factors in its determination. *In re World Trade Center Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007) ("(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."). However, because of the close relationship between liability and damages, and the principle of judicial economy, the Court finds that the Defendants' appeal of the judgment on liability for the Eighth and Ninth claims divests it of jurisdiction to hold a hearing on damages for the same claims.

Accordingly, the Defendants' Motion is GRANTED and the hearing is stayed. The Court notes, however, that it will maintain the hearing on the calendar as a Status Conference.

IT IS SO ORDERED.

Dated: May 31, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court